E-FILED
Monday, 30 March, 2009   12:19:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| VALERIE ESSEBO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 08-4055 |
| TYSON FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Defendant's Motion to Strike Plaintiff's Expert Designation. For the reasons stated below, this Motion [#8] is GRANTED in PART and DENIED in PART.

### Background

On April 7, 2008, Plaintiff Valerie Essebo filed this lawsuit, alleging that she was terminated in retaliation for filing a worker's compensation claim. She also has a pending claim regarding benefits under the Illinois Workers' Compensation Act, which is being litigated before the Illinois Industrial Commission.

On December 12, 2008 Essebo informed Defendant Tyson Foods Inc. ("Tyson") by letter that she intended to call Nancy Addae, an attorney, as a "controlled expert witness to testify regarding "the rights and responsibilities of employers and employees when employee seeks benefits under the Worker's Compensation Act."

On December 18, 2008, Tyson wrote to Essebo and explained that her expert designation did not comply with Fed. R. Civ. Pro. 26(a)(2). On December 23, 2008, Essebo responded and served Tyson with Essebo's report.

Tyson argues that Addae is not a proper expert and that Essebo is offering this expert to opine about legal conclusions, including whether Tyson terminated Essebo in retaliation for filing a worker's compensation claim, and contends that an expert cannot offer an opinion regarding legal conclusions. Tyson further argues that Addae will testify regarding whether Tyson otherwise violated the Illinois Worker's Compensation Act by discontinuing Essebo's total temporary disability benefits, which Tyson contends has nothing to do with the matters alleged in the lawsuit. Finally, Tyson argues that Addae will opine that Essebo's former treating physician did not properly diagnose or treat her, and Tyson argues that that is not relevant and that this expert it not qualified to offer medical opinions.

## Discussion

The Court's role in determining the admissibility of expert testimony is that of a gatekeeper. *General Electric Co. v. Joiner,* 522 U.S. 136 (1997); *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). In performing this role, the Court must determine whether the expert testimony in question meets two essential requirements: (1) it must be based on scientific, technical, or other specialized knowledge and (2) it must assist the trier of fact in understanding the evidence or determining a fact in issue. *Daubert,* 509 U.S. at 592; Fed.R.Evid. 702.

In *Smith v. Ford Motor Company*, 215 F.3d 713, 719 (7th Cir. 2000), the Seventh Circuit stated:

> In analyzing the reliability of proposed expert testimony, the role of the court is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching [her] conclusions....

A court's reliability analysis does not end with its conclusion that an expert is qualified to testify about a given matter. Even "[a] supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some scientific method." *Clark v. Takata Corp.*, 192 F.3d 750, 759 n.5 (7th Cir.1999). The court's gatekeeping function focuses on an examination of the expert's methodology; the soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact. See *Daubert*, 509 U.S. at 595.

In her Response to Tyson's Motion to Strike, Essebo agreed to "redact sentences in Nancy Addae's report on the ultimate conclusions and limit her report testimony as shown in the redacted report." The Court has reviewed Addae's qualifications and the unredacted portions of her report.

The unredacted portions of her report include a listing of the documents Addae reviewed (petition for adjustment of claim filed; Complaint; miscellaneous discovery responses; and medical records) and "finding of facts" that lists in chronological order Essebo's work and medical history from 8/10/2004, to the present. The Court finds that this part of the report is provided to show the basis for Addae's opinion, but standing alone, they would not be admissible. In addition, the chronology includes some commentary such as "[t]he surgery was not very successful." The Court does not find Addae to be qualified to provide such an opinion.

Addae lists three expert opinions. The Court will summarize these opinions and state why each is not admissible:

(1) Addae opines that Dr. Lund, Tyson's doctor, asked Essebo to return to full duty when she was "clearly" still under disability imposed by her work injury. She further opines that Dr. Lund did not conduct a proper medical examination and put Tyson's interest ahead of Essebo's well being. Finally, she opines that Essebo should have been properly examined and that the denial of a proper examination infringed upon her rights under the Illinois Workers' Compensation Act.

The Court concludes that Addae is not qualified to offer medical advice. Therefore, her opinion that Essebo did not receive a proper medical examination cannot qualify as an "expert opinion." Further, her conclusion that Tyson violated the Illinois Workers' Compensation Act because Essebo did not get a proper medical examination lacks foundation.

(2) Addae opines that Tyson interfered with Essebo's rights when it terminated her employment as a result of a disability imposed on her by the work injury. Addae further opines that Essebo should have been offered light duty work and not asked to return to dull duty without restrictions.

The Court finds that these opinions fail to satisfy *Daubert* because Addae fails to show how her methodology allowed her to arrive at these opinions. Further, Essebo does not demonstrate how Addae, a 2004 law school graduate, is qualified to offer expert testimony on workers' compensation issues and Addae does not explain the extent of her expertise in this field. In addition, the Court finds the opinion that that Essebo should have been offered light duty work and not asked to return to dull duty without restrictions, to be medical in nature, and should be opined by a medical

professional, not an attorney.  Finally, the Court questions whether the denial of light duty work is within the scope of a wrongful termination claim.

(3)     Addae opines that Tyson's position in the workers' compensation claim is inconsistent with the position it takes in the wrongful termination claim and violates Essebo's rights under the Illinois Workers' Compensation Act.

The Court finds that this opinion would not assist the trier of fact in understanding the evidence or determining a fact in issue.  Whether Tyson's positions are inconsistent can be determined by the finder of fact.  Therefore, it would be improper for Addae to offer such an opinion.

Tyson seeks its attorneys' fees associated with filing this Motion.  The Court does not find the awarding of fees to be warranted.

## CONCLUSION

For the reasons stated above, Tyson's Motion to Strike Plaintiff's Expert Designation [#8] is GRANTED in PART and DENIED in PART.  Nancy Addae's Report is stricken and she is barred from testifying at trial.  Tyson's request for attorneys' fees is denied.

ENTERED this 30th day of March, 2009.

                                                     s/ Michael M. Mihm
                                                   Michael M. Mihm
                                                   United States District Judge