UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| VALERIE ESSEBO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:08-cv-04055 |
| TYSON FOODS, INC., | ) |
| Defendant. | ) |

## ORDER

Before this Court is Plaintiff's Motion to Reconsider [#28] Order Granting Defendant's Motion for Summary Judgment. For the reasons stated below, the Court DENIES Plaintiff's Motion.

## BACKGROUND

Plaintiff, Valerie Essebo ("Essebo"), a non-english speaker (French and Ofon), filed a complaint for retaliatory discharge against Defendant, Tyson Foods, Inc. ("Tyson"), her former employer. She alleged that Tyson terminated her for filing a worker's compensation claim after being injured at work. On July 8, 2009, the Court granted Tyson's Motion for Summary Judgment, finding that Essebo failed to establish her claim for retaliatory discharge through either the direct, or indirect method of proof. Essebo has now filed a Motion to Reconsider, arguing: (1) the court failed to consider her back surgery after Dr. Lund released her to work; (2) absent any direct evidence, the court failed to consider the circumstantial evidence that demonstrated retaliatory discrimination under the direct method of proof; (3) the Court erred in finding that

Essebo failed to establish a causal connection between filing the worker's compensation claim, and being terminated; (4) the Court erred in finding that Tyson's communication, in English, with Essebo, was not evidence that they wished to terminate her; and (5) that a recently decided case from the Illinois Appellate Court supports her claim that she established causation.

## DISCUSSION

Essebo moves this Court to reconsider its decision granting Defendant's Motion to Dismiss. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because of] mistake, inadvertence, surprise, or excusable neglect; or any other reason that justifies [doing so]." Fed. R. Civ. P. 60(b)(1)(6).

First, Essebo argues that "[t]his court ignored the fact that shortly after Dr. Lund released Essebo back to full duty work, over Essebo's protest, Essebo underwent major back surgery for the same injury." (Plaintiff's Motion to Reconsider p. 1, submission 2). This fact was not overlooked; the Court mentioned this fact in its order. See Essebo v. Tyson Foods, Inc., No. 4:08-CV-04055, 2009 WL 2051641, at *2 (C.D. Ill. July 8, 2009). However, whether Essebo underwent surgery does not weigh on the issue of whether Tyson engaged in retaliatory discharge against Essebo. Essebo was allowed to have additional medical opinions and treatment, which she elected to do. She was not placed on Leave of Absence until the day she returned to Tyson with a note from the chiropractor she chose, excusing her from all work for two weeks.

Essebo further argues that "[i]t is...Dr. Lund's action releasing Essebo back to work on December 1, 2004...that started the 12-month automatic discharge scheme's

time ticking leading to her discharge." (Plaintiff's Motion to Reconsider p. 1-2, submission 2). However, Tyson did not place Essebo on Leave of Absence until after she had seen Dr. Burge, a chiropractor of her choosing. Dr. Burge gave her a note excusing her from all work for two weeks, which she gave to the personnel manager at Tyson on December 2, 2004. Essebo never returned to work.

Essebo next argues that she has provided circumstantial evidence that proves her claim for retaliatory discharge under the direct method of proof. Furthermore, Essebo argues that she established a causal connection between the filing of the Illinois Workers' Compensation claim and her termination. The Court found that Essebo failed under the Direct Method of proof, using either direct or circumstantial evidence, because Essebo failed to establish suspicious timing between the date she filed her claim and the date she was terminated; she failed to show how similarly situated employees were treated more favorably than her; and she failed to demonstrate that Tyson's action of placing her on Leave of Absence was pretext for discrimination. For these reasons, the Court found that Essebo failed to establish a causal connection between the filing of the Illinois Workers' Compensation claim and her termination.

The Plaintiff further argues that "[t]his court erred in finding that it was O.K. for Tyson not to communicate with Essebo in a language she understood." (Plaintiff's Motion to Reconsider p. 3, submission 7). Plaintiff further states that "[c]ourt [sic] ought to be courts of fairness and justice. The notion that a litigant's inability to quote some law to establish her claim or seek redress of some unfairness is in itself unlawful." (Plaintiff's Motion to Reconsider p. 4, submission 7). While this Court is not unsympathetic to Essebo's injury, and her needs, the Court recognizes that the claim

presently before it is that of retaliatory discharge.  The allegation that Tyson failed to communicate with the Plaintiff in either French or Ofon does not weigh on whether Tyson engaged in retaliatory discharge.

Plaintiff also contends that Tyson has stopped her disability payments.  This allegation bears no impact on her claim for retaliatory discharge; therefore, it need not be addressed here.

Finally, in further support of this motion, Plaintiff cites <u>Fred W. Grabs and Rudolph Francek v. Safeway, Inc., and Dominick's finer Foods, LLC.</u>, No. 1-08-3007, 2009 WL 1709570, at *1 (Ill. App. Ct. 1st Dist. June 17, 2009).  Plaintiff argues that "[this] case highlights the type of scheme used by Tyson." (Plaintiff's Motion to Reconsider p. 5, submission 10).  However, after reviewing this case, the Court finds that <u>Grabs</u> does not provide support to the Plaintiff's claim for retaliatory discharge.  In <u>Grabs</u>, causation was established through the "improper denial of [the plaintiffs' rights] to follow their treating physicians orders."  See <u>Grabs</u>, No. 1-08-3007, 2009 WL 1709570, at *4 (Ill. App. Ct. 1st Dist. June 17, 2009).  In the present case, Essebo was allowed to follow her treating physicians' orders.  She was terminated for failure to return to work within one year, in compliance with Tyson's Leave of Absence policy.

**CONCLUSION**

For the reasons set forth herein, the Court DENIES Plaintiff's Motion for Reconsideration [#28].

ENTERED this 28th day of July, 2009.

                                                s/ Michael M. Mihm
                                               Michael M. Mihm
                                               United States District Judge